1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
2                         HOUSTON DIVISION

3

4    UNITED STATES OF AMERICA      .   4:12-CR-00305-1

5    VERSUS                        .   HOUSTON, TEXAS

6    ENRIQUE MORALES               .   FEBRUARY 12, 2013

7    . . . . . . . . . . . . . .   9:00 A.M.

8

9                    TRANSCRIPT OF REARRAIGNMENT
                 BEFORE THE HONORABLE LEE H. ROSENTHAL
10                  UNITED STATES DISTRICT JUDGE

11

12

13                          *APPEARANCES*

14

15

16   FOR THE GOVERNMENT:

17        Ted Imperato and Keith Liddle
          Assistant United States Attorneys
18        1000 Louisiana
          Suite 2300
19        Houston, Texas  77002

20

21

22   FOR THE DEFENDANT:

23        Michael M. Essmyer
          ESSMYER & DANILE PC
24        5111 Center Street
          Houston, Texas  77007

25

1                        **APPEARANCES - CONTINUED**

2

3

4    OFFICIAL COURT REPORTER:

5         Mayra Malone, CSR, RMR, CRR
          U.S. Courthouse
6         515 Rusk, Room 8004
          Houston, Texas  77002
7

8

9    Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
10

11                          - - - - -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**PROCEEDINGS**

THE COURT:  United States versus Enrique Morales.

MR. IMPERATO:  Good morning, Your Honor.  Ted Imperato for the United States.

MR. LIDDLE:  Good morning, Your Honor.  Keith Liddle for the United States.

MR. ESSMYER:  Mike Essmyer for Mr. Morales, Your Honor, who is present.

THE COURT:  Does Mr. Morales need an interpreter?

MR. ESSMYER:  No, Your Honor.

THE COURT:  All right.  Thank you.  Mr. Morales, I understand that you want to plead guilty in this case.  Is that correct?

THE DEFENDANT:  That's right, Your Honor.

THE COURT:  The purpose of this hearing is to let me be sure that your decision to plead guilty is, first of all, voluntary; that is, that you are doing this of your own free will.  Second, I need to be sure that your decision is informed and by that, I mean that you know what you are doing, you understand the consequences of pleading guilty and you understand the rights that you are giving up when you plead guilty.  And, finally, I need to be sure that you are guilty, that you did what you are pleading guilty for having done.

Do you understand that I'm going to ask you questions about each of those areas?

09:10   1              THE DEFENDANT:  Yes.  I understand.

        2              THE COURT:  If you don't understand any question that

        3    I ask you, will you ask me to repeat it or rephrase it before

        4    you answer it?

09:10   5              THE DEFENDANT:  I will.

        6              THE COURT:  If you want to ask your lawyer a question,

        7    you may do so at any time.  You don't have to answer my

        8    questions first.  Do you understand that?

        9              THE DEFENDANT:  Yes, I do.

09:10   10             THE COURT:  You do have to answer the questions I ask

        11   you under oath.  Please raise your right hand.

        12         *(Defendant sworn)*

        13             THE COURT:  Now you are under oath, Mr. Morales.  If

        14   you answer any question you are asked falsely, you can be

09:10   15   prosecuted separately for perjury.  Do you understand that?

        16             THE DEFENDANT:  I do.

        17             THE COURT:  Will you please tell me your full name?

        18             THE DEFENDANT:  Enrique Morales.

        19             THE COURT:  How old are you?

09:11   20             THE DEFENDANT:  Forty-two years old.

        21             THE COURT:  What is the highest level of school you

        22   finished?

        23             THE DEFENDANT:  High school.

        24             THE COURT:  Can you read and write English easily?

09:11   25             THE DEFENDANT:  Yes.

09:11      1          THE COURT:  Have you ever been treated for kind of any

           2   mental illness or psychiatric or psychological problems?

           3          THE DEFENDANT:  Not at all.

           4          THE COURT:  Are you addicted to any drug?

09:11      5          THE DEFENDANT:  Not at this moment.

           6          THE COURT:  How long ago?

           7          THE DEFENDANT:  About a year ago.

           8          THE COURT:  Are you currently under the influence of

           9   any drug or any alcoholic beverage?

09:11     10          THE DEFENDANT:  No.  No.

          11          THE COURT:  Okay.  Are you addicted to alcohol?

          12          THE DEFENDANT:  No.  No.

          13          THE COURT:  Are you sick in any way that would

          14   interfere with your understanding what is going on here?

09:11     15          THE DEFENDANT:  No, I'm fine.

          16          THE COURT:  Are you taking any medication?

          17          THE DEFENDANT:  Not at this moment.

          18          THE COURT:  When was the last time you took any?

          19          THE DEFENDANT:  A couple years ago.  A year ago.

09:11     20          THE COURT:  All right.  Do you feel well?

          21          THE DEFENDANT:  I'm fine.

          22          THE COURT:  Have you had enough time to talk with your

          23   lawyer?

          24          THE DEFENDANT:  Yes, I have.

09:11     25          THE COURT:  Are you satisfied with the advice and the

09:11   1   help and the representation he has provided you?

2              THE DEFENDANT:  I'm satisfied.

3              THE COURT:  Do you want to ask him any more questions

4   or get any more advice before we go on?

09:12   5              THE DEFENDANT:  No.  I'm fine.

6              THE COURT:  Counsel, have you had enough time to

7   investigate this case?

8              MR. ESSMYER:  I have, Your Honor.

9              THE COURT:  Are you satisfied that your client fully

09:12   10   understands the charges he faces and the punishment he faces?

11              MR. ESSMYER:  I do, Your Honor.

12              THE COURT:  Has he been able to cooperate with you

13   fully?

14              MR. ESSMYER:  Fully, Your Honor.

09:12   15              THE COURT:  Do you have any questions as to your

16   client's competence to plead guilty?

17              MR. ESSMYER:  No, Your Honor.

18              THE COURT:  Nor does the Court.  The Court finds the

19   defendant is fully competent to enter a knowing, informed and

09:12   20   voluntary plea.  Before I can accept your plea, Mr. Morales, I

21   have to be sure that you understand the rights that you are

22   giving up by pleading guilty.  Do you understand that you do

23   have the right to continue to plead not guilty?

24              THE DEFENDANT:  Yes, I do.

09:12   25              THE COURT:  I want to go over with you the rights that

09:12   1  you would have if you continued to plead not guilty because

2  those are the rights you are giving up.

3                    Do you understand?

4            THE DEFENDANT:  Yes.

09:12   5            THE COURT:  If you were to continue to plead not

6  guilty, you would have the right to have the charges against

7  you tried before a jury made up of 12 citizens of this district

8  or, if everybody agreed, including the lawyers for the

9  government, before only a judge.

09:13  10                    Do you understand that?

11            THE DEFENDANT:  Yes, I do.

12            THE COURT:  At this trial, the trial that you would

13  have if you continued to plead not guilty, you would have the

14  right to be represented by a lawyer throughout.  If you could

09:13  15  not afford one, one would be appointed.  Do you understand

16  that?

17            THE DEFENDANT:  Yes, I do.

18            THE COURT:  At this trial, the trial that you would

19  have if you continued to plead not guilty, the burden would be

09:13  20  on the government to prove your guilt beyond a reasonable

21  doubt.  You would have no burden to prove your own innocence.

22                    Do you understand that?

23            THE DEFENDANT:  Yes, I do.

24            THE COURT:  The government would call witnesses to

09:13  25  testify at this trial.  You would have the right to see and

09:13   1   hear each of these witnesses and to have your lawyer

2   cross-examine them on your behalf.

3            Do you understand that?

4        THE DEFENDANT:  I do understand.

09:13   5        THE COURT:  Although you would have no obligation to

6   present evidence yourself, you would have the right to do so.

7   That would include the right to subpoena witnesses to require

8   them to come to court to testify.

9            Do you understand that?

09:14  10        THE DEFENDANT:  Yes, I do.

11        THE COURT:  And at this trial, you would also have the

12   right to decide if you wanted to testify yourself.  Because you

13   have the right not to be compelled to do so, if you decided not

14   to testify, you would have the right to have the jury

09:14  15   instructed that they could not use your silence as evidence of

16   your guilt.

17            Do you understand that?

18        THE DEFENDANT:  I understand.

19        THE COURT:  And at this trial, you could not be

09:14  20   convicted unless every member of the jury found that you were

21   guilty beyond a reasonable doubt.

22            Do you understand that?

23        THE DEFENDANT:  Yes, I understand.

24        THE COURT:  In other words, the verdict would have to

09:14  25   be unanimous.

09:14      1            THE DEFENDANT:  Yes.

           2            THE COURT:  Do you understand?

           3            THE DEFENDANT:  Yes, I understand.

           4            THE COURT:  If I accept your guilty plea, you will be

09:14      5    convicted with no trial at all.

           6                 Do you understand that?

           7            THE DEFENDANT:  Yes, I understand.

           8            THE COURT:  In addition to giving up the right to a

           9    trial by pleading guilty, even apart from the terms of your

09:15     10    plea agreement, just by pleading guilty, you give up the right

          11    to make a number of arguments later on to try to get your

          12    conviction set aside or your sentence set aside or reduced,

          13    arguments that you could have made if you had gone to trial and

          14    been convicted.  Do you understand that?

09:15     15            THE DEFENDANT:  I understand.

          16            THE COURT:  Do you understand, sir, that in all

          17    likelihood you are going to be deported after you finish

          18    serving the sentence?

          19            THE DEFENDANT:  I understand.

09:15     20            THE COURT:  You will be unable to return to this

          21    country and you will be unable to be considered for

          22    naturalization as a citizen of this country.  Do you

          23    understand?

          24            THE DEFENDANT:  I understand.

09:15     25            THE COURT:  During the time you are serving your

09:15     1     sentence, you will not be eligible to participate in a number

          2     of the programs the Bureau of Prisons makes available to people

          3     who are here legally.  As a result, your time in prison is

          4     going to be harsher than it is for many others.

09:15     5                    Do you understand that?

          6             THE DEFENDANT:  I understand.

          7             THE COURT:  Did you and your lawyer together carefully

          8     review the written charges against you in the indictment?

          9             THE DEFENDANT:  Yes, we did.

09:16    10             THE COURT:  Do you understand that in Count One, you

         11     are charged with conspiracy and in Count Two, you are charged

         12     with conspiracy to commit money laundering?

         13             THE DEFENDANT:  I understand, yes.

         14             THE COURT:  The elements of Count One, that is what

09:16    15     the government would -- claims you did that violated the law is

         16     that you and at least one other person made an agreement to

         17     commit the crime of operating an illegal money remitter

         18     transmitting business.  That you knew of the unlawful purpose

         19     of this agreement and that you joined in it willfully, that is,

09:16    20     you had the intent to further its unlawful purpose.  And that

         21     during the existence of the conspiracy, at least one of the

         22     conspirators knowingly committed at least one of the overt acts

         23     described in the indictment in order to accomplish some object

         24     or purpose of the conspiracy.

09:17    25                    What the government alleges is an object of the

09:17   1    conspiracy was to conduct financial transactions, or attempt to

2    do so, involving the proceeds of specified unlawful activity,

3    knowing that the transactions were designed -- I'm sorry.  Hold

4    on.  I was going on to Count Two.

09:17   5           The object of the conspiracy was to recruit

6    clients with large amounts of currency to be picked up in the

7    United States, transferred through the financial system and

8    converted to Mexican pesos and then to arrange for the

9    defendants Whitehurst, Foster and Smith to take the money and

09:18   10   to deliver the currency to the Westheimer Road location in

11   Houston and then to instruct defendant Combs or Whitehurst or

12   Foster or Smith to deposit the currency into bank accounts that

13   were controlled by the money transmitting business.  That you

14   were among those responsible for opening at least one of these

09:18   15   bank accounts and that you caused certain amounts of the money

16   in those accounts, along with others, to be transferred to bank

17   accounts in specific names and then pesos were transferred to

18   bank accounts in the names of people in businesses in Mexico,

19   using the funds in the -- that were transmitted by the money

09:19   20   transmitting business.  That's what the indictment alleges is

21   the object of the conspiracy.

22          Do you understand that, in Count One?

23          THE DEFENDANT:  I do.

24          THE COURT:  Among the overt acts that the indictment

09:19   25   alleges is that defendants Smith and Combs and Foster and

09:19   1    Whitehurst were transporting specific sums of money on specific

2    dates, including in April, May, June and November of 2011 --

3    I'm sorry.  Not in May.  In April, June and November,

4    transporting specific amounts of money to Houston when they

09:19   5    were stopped by police and the money was seized.

6                    Do you understand that?

7                    THE DEFENDANT:  Yes, I do.

8                    THE COURT:  In Count Two, the government alleges that

9    you entered into an agreement with at least one other person to

09:20   10   commit money laundering.  That you did so knowing the purpose

11   of the agreement and with the intent to further its unlawful

12   purpose.  And that the elements of money laundering are that

13   you knowingly conducted or attempted to conduct a financial

14   transaction.  That this transaction involved the proceeds of a

09:20   15   specified unlawful activity, namely drug trafficking.  That you

16   knew that the property involved in the transaction represented

17   the proceeds of some form of unlawful activity and you knew

18   that the transaction was designed in whole or in part to

19   conceal or disguise the nature, location, source, ownership or

09:20   20   control of the proceeds.

21                   Do you understand what the government alleges you

22   did that violated the law in Count Two?

23                   THE DEFENDANT:  Yes, I understand.

24                   THE COURT:  And as to Count Two, the government

09:21   25   alleges that you and others arranged for defendants Whitehurst

09:21   1   Foster and Smith to travel to take money that -- proceeds that

2   had been derived from the sale of illegal drugs and that you

3   arranged for the proceeds to be delivered to the Westheimer

4   Road location and then arranged for the deposit of the proceeds

09:21   5   into bank accounts controlled by the organization, to transfer,

6   or to cause to be transferred, money from those bank accounts

7   to various people and businesses and that you did all of this

8   knowing that these transactions were designed to conceal the

9   fact that these were drug trafficking proceeds.

09:21   10          Do you understand what the government claims you

11   did?

12          THE DEFENDANT:  Yes, I understand, Your Honor.

13          THE COURT:  The penalty you face for conviction on

14   Count One is a prison sentence of not more than five years and

09:22   15   a fine of up to $250,000.

16          Do you understand that?

17          THE DEFENDANT:  Yes, I do.

18          THE COURT:  The penalty for Count Two is a prison

19   sentence of up to 20 years and a fine of not more than 500,000

09:22   20   or twice the value of the property involved in the offense.

21          Do you understand that?

22          THE DEFENDANT:  Yes, I do.

23          THE COURT:  What is the government's position on what

24   the likely amount will be of the financial criminal penalty on

09:22   25   Count Two?

09:23   1          MR. IMPERATO:  Just Count Two?

2          THE COURT:  For this defendant?

09:23   3          MR. IMPERATO:  On Count Two, 49,788,146.  The total

4   fine would be 50,038,146.

09:23   5          THE COURT:  For Count One and Two?

6          MR. IMPERATO:  Correct.

7          THE COURT:  All right.  And the worst possible

8   sentence that you face under the statute is 25 years in prison,

9   plus the $50 million plus fine plus a $200 mandatory

09:23   10  assessment.

11              Do you understand that?

12          THE DEFENDANT:  Yes, I do.

13          THE COURT:  When you are finished serving your

14  sentence, subject to the detainer for your deportation, you

09:23   15  will be placed on supervised release for up to three years.

16  You may be, or you will be.

17              If, during supervised release, you commit any

18  violation of the terms of supervised release, you would be sent

19  back to prison for up to two years with no credit for the time

09:23   20  you might have spent on supervised release before you committed

21  the violation.

22              Do you understand that?

23          THE DEFENDANT:  Yes, I do.

24          THE COURT:  Do you understand, whether for the primary

09:24   25  sentence or for a return to prison for violating supervised

09:24   1   release, there is no parole in federal prison?  Any prison

2   sentence you get is not going to be shortened by parole.

3                Do you understand that?

4                THE DEFENDANT:  Yes.

09:24   5                THE COURT:  Did you and your lawyer carefully review

6   together the written charges against you in the -- I'm sorry --

7   the written plea agreement in this case?

8                THE DEFENDANT:  Yes, we did.

9                THE COURT:  Did your lawyer explain it to you in

09:24   10   detail?

11                THE DEFENDANT:  Yes, he did.

12                THE COURT:  Did you understand it?

13                THE DEFENDANT:  Yes, I did.

14                THE COURT:  I want to go over some of the provisions

09:24   15   with you.  As part of your review of the plea agreement, did

16   you and your lawyer talk about how the sentence in your case

17   might be determined?

18                THE DEFENDANT:  Yes, he did.

19                THE COURT:  Do you understand that although you know

09:24   20   what the maximum under the statute is, you don't know exactly

21   what sentence you are going to get?

22                THE DEFENDANT:  That's right.  Yes.

23                THE COURT:  We won't know that until there has been a

24   presentence investigation, until a report has been prepared to

09:25   25   assist me in figuring out how the sentencing guidelines apply

09:25    1    to you.  And then I have to figure out after a hearing if you

2    should be sentenced within the guideline range or above it or

3    below it and exactly how much time you ought to get and the

4    exact fine you ought to pay.  Neither of those things have been

09:25    5    figured out at this time.

6              Do you understand that?

7              THE DEFENDANT:  Yes, I do, Your Honor.

8              THE COURT:  If it turns out after all of that work is

9    done that the sentence you get is harsher than you expect, you

09:25    10   can't get out of your guilty plea.  You are stuck with it.

11             Do you understand?

12             THE DEFENDANT:  Yes, I do, Your Honor.

13             THE COURT:  Under this plea agreement, you are really

14   stuck with it because you are giving up as part of this plea

09:25    15   the right to appeal the conviction or sentence or -- you are

16   also giving up the right to file a later challenge to the

17   conviction or sentence after they become final.  That is, after

18   any opportunity to appeal has been finished.

19             Do you understand?

09:26    20             THE DEFENDANT:  I understand, Your Honor.

21             THE COURT:  Bottom line is as long as I sentence you

22   within the statute, and I told you what those limits were, you

23   can't appeal, you can't file a later challenge from any

24   sentence I give you.

09:26    25             Do you understand that?

09:26   1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  Do you understand you are giving up the

3     right to do that?

4          THE DEFENDANT:  Yes.

09:26   5          THE COURT:  A lot of things are going to go into

6     figuring out the sentence.  One of those things is your

7     criminal history.  The longer it is, the worse it is, the

8     heavier your sentence in this case will be.

9               Do you understand that?

09:26  10          THE DEFENDANT:  Yes, I do.

11          THE COURT:  Another thing that will affect your

12     sentence is the amount of money and drugs that you are held

13     responsible for.  The higher it is, the heavier your sentence

14     will be.

09:26  15               Do you understand?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Because you are pleading guilty to two

18     conspiracy counts, you can be held responsible for what is

19     reasonably foreseeable as part of the conspiracy, even if they

09:27  20     involve amounts of money or drugs that you didn't get involved

21     with directly and that you didn't deal with directly at all.

22     And that can make your sentence heavier.

23               Do you understand that?

24          THE DEFENDANT:  Yes, I do, Your Honor.

09:27  25          THE COURT:  When it comes to figuring out the

09:27  1  sentence, I'm not limited to what the government knows about
       2  today, what is in the indictment, what you admit to here in
       3  court or what is proven beyond a reasonable doubt.  I can rely
       4  on information developed in the presentence report or
09:27  5  investigation.  And if that makes your sentence heavier, again,
       6  there is nothing you can do about it.
       7           THE DEFENDANT:  I understand.
       8           THE COURT:  The government has said as part of the
       9  plea agreement that it will agree to have your sentence
09:27  10 adjusted to reflect the fact that you are pleading guilty and
       11 accepting responsibility.  But what you need to understand is
       12 that I'm not bound by what the government says, so even if I
       13 sentence you more harshly than the government wants, you still
       14 can't get out of your plea or file a later appeal or challenge.
09:28  15           Do you understand that?
       16           THE DEFENDANT:  Yes, I do.
       17           THE COURT:  The government has also said that it will
       18 consider whether if you substantially assist them, that would
       19 justify a motion that would reduce your sentence to reflect
09:28  20 that.
       21           Do you understand that?
       22           THE DEFENDANT:  Yes, I do.
       23           THE COURT:  Again, I'm not bound by the government's
       24 request.  Even if they file that motion, I don't have to follow
09:28  25 it.

09:28   1                  Do you understand that?

        2          THE DEFENDANT:  I do, Your Honor.

        3          THE COURT:  And it is entirely up to them whether to

        4   file that motion.  Even if you have cooperated, there is no

09:28   5   promise and no guarantee.  It is entirely up to the government

        6   whether they think such a motion should be filed.  And if they

        7   don't file it, there is nothing you or I can do to make them do

        8   so.

        9                  Do you understand that?

09:28  10          THE DEFENDANT:  Yes, I do.

       11          THE COURT:  Do you understand that there is no promise

       12   or guarantee that they are going to ask me for a lower sentence

       13   if you cooperate?

       14          THE DEFENDANT:  I understand.

09:29  15          THE COURT:  I want you to -- does the defendant waive

       16   the reading of the indictment?

       17          MR. ESSMYER:  The defendant waives the reading of the

       18   indictment, Your Honor.

       19          THE COURT:  All right.  I want you to turn in the

09:29  20   written plea agreement to paragraph 14, which is under the

       21   heading "Factual Basis for Guilty Plea."

       22          MR. IMPERATO:  That is on page seven.

       23          THE COURT:  There are a number of paragraphs under

       24   paragraph 14.  Do you see where I'm looking?

09:29  25          THE DEFENDANT:  I'm sorry?

09:29   1            THE COURT:  There is a paragraph numbered 14 with the

        2   heading "Factual Basis for Guilty Plea."

        3            Do you see where I'm looking?

        4            THE DEFENDANT:  Yes.

09:30   5            THE COURT:  And there are a number of paragraphs that

        6   go over to page --

        7            MR. IMPERATO:  Twelve.

        8            THE COURT:  Page 12.  Thank you.

        9            Did you and your lawyer read these pages and

09:30  10   paragraphs with particular care?

       11            THE DEFENDANT:  Yes, we did.

       12            THE COURT:  Is everything that is set out in those

       13   paragraphs about you true and correct?

       14            THE DEFENDANT:  Yes, they are.

09:30  15            THE COURT:  Are there any changes or corrections that

       16   you want to make to anything that is said in these paragraphs

       17   about you?

       18            THE DEFENDANT:  No.

       19            THE COURT:  Do you understand that in addition to the

09:30  20   fines, in addition to the prison terms, in addition to the

       21   mandatory assessment, the $200, you would also face forfeiture

       22   of whatever proceeds or money was derived from or used in the

       23   conspiracy counts that you are pleading guilty to?

       24            THE DEFENDANT:  Yes, I understand.

09:30  25            THE COURT:  That means the government gets it and you

09:31    1   don't get anything in return.

2                  Do you understand that?

3                  THE DEFENDANT:  Yes, I do.

4                  THE COURT:  How do you plead, sir, to Counts One and

09:31    5   Two of this indictment?

6                  THE DEFENDANT:  Guilty, Your Honor.

7                  THE COURT:  Is it your statement here in court under

8   oath that every allegation against you in Counts One and Two

9   and every statement made about you on pages seven through 12 of

09:31   10   the written plea agreement under "Factual Basis for Guilty

11   Plea" are true and correct?

12                 THE DEFENDANT:  Yes, they are, Your Honor.

13                 THE COURT:  Are you making this guilty plea freely and

14   voluntarily?

09:31   15                 THE DEFENDANT:  Yes, I am.

16                 THE COURT:  Has anybody forced you or threatened you

17   or done any harm to you or anybody else to get you to plead

18   guilty?

19                 THE DEFENDANT:  No, they have not.

09:31   20                 THE COURT:  Are you pleading guilty because of any

21   promises other than those made in the plea agreement itself?

22                 THE DEFENDANT:  No.

23                 THE COURT:  Are you pleading guilty because you are

24   guilty and for no other reason?

09:31   25                 THE DEFENDANT:  Yes.  That's the reason why.

09:31 1    THE COURT:  You said you had read the plea agreement

2 and you understood it.  You have gone over it with counsel.

3      Are you ready to sign it under oath at this

4 point?

09:31 5    THE DEFENDANT:  I am, Your Honor.

6   *(Defendant and all parties sign the plea agreement)*

7    MR. IMPERATO:  Judge, the plea agreement has been

8 executed by all parties.

9    THE COURT:  Raise your right hand, please, sir,

09:32 10 Mr. Morales.

11    THE CASE MANAGER:  Have you read or had read to you

12 the agreement you just signed?

13    THE DEFENDANT:  Yes, I did.

14    THE CASE MANAGER:  Are the matters and things

09:32 15 contained in this agreement true and correct to the best of

16 your knowledge?

17    THE DEFENDANT:  Yes, they are.

18    THE CASE MANAGER:  And have you signed it of your own

19 free will?

09:32 20    THE DEFENDANT:  I have.

21    THE CASE MANAGER:  Thank you.

22    THE COURT:  Counsel, do you know of any reason why

23 your client should not plead guilty?

24    MR. ESSMYER:  I do not, Your Honor.

09:32 25    THE COURT:  Do you know of any meritorious defenses

09:32   1   your client might have?

2           MR. ESSMYER:  I do not, Your Honor.

3           THE COURT:  Do you know of any additional

4   admonishments that he should receive?

09:33   5           MR. ESSMYER:  Not at this time, Your Honor.  At

6   sentencing.

7           THE COURT:  All right.  Are you aware of any,

8   Mr. Imperato?

9           MR. IMPERATO:  It wasn't mentioned, but Count Three

09:33   10   will be dismissed at the time of sentencing.  That's it.

11           THE COURT:  What you do need to understand about that

12   is that under some circumstances, I can use the allegations in

13   Count Three of the conduct described as a sentencing factor and

14   that can make your sentence heavier.

09:33   15           Do you understand that?

16           THE DEFENDANT:  I understand.

17           THE COURT:  Does that change your plea in any way?

18           THE DEFENDANT:  No, it doesn't.

19           THE COURT:  Anything else?

09:33   20           MR. IMPERATO:  No, Your Honor.  Thank you.

21           THE COURT:  These are the Court's findings with

22   respect to your plea.  As earlier stated, you are clearly

23   mentally competent and capable of entering an informed plea.  I

24   now find the plea to be supported by independent facts that

09:33   25   establish all of the elements of the offense.  I find your plea

09:33  1    of guilty to be voluntarily, freely and knowingly made, that

       2    you understand the nature of these proceedings and the

       3    consequences of pleading guilty and you have made an informed

       4    plea.  I accept your plea and I find you guilty as charged in

09:34  5    Counts One and Two of the indictment.

       6              There will now be a presentence investigation, as

       7    I described.  You will be interviewed as part of it.  Your

       8    lawyer may be present during the interview, if you want him to

       9    be.

09:34  10             At the sentencing hearing -- before the

       11   sentencing hearing, you and your lawyer will have received a

       12   copy of the report from the presentence investigation.  Through

       13   your lawyer, you will be able to make any objections that you

       14   think should be presented.  And at the sentencing hearing,

09:34  15   which is set for May 29 at 9:00 a.m., you and your lawyer will

       16   be able to make any statement you wish on your behalf.

       17             Do you understand?

       18        THE DEFENDANT:  Yes, I do, Your Honor.

       19        THE COURT:  Anything else we need to do today?

09:34  20        MR. IMPERATO:  No, Your Honor.

       21        THE COURT:  Thank you very much.

       22        MR. ESSMYER:  Thank you, Your Honor.

       23

       24

       25

1                              * * * *

2

3         I certify that the foregoing is a correct transcript from

4    the record of proceedings in the above-entitled cause.

5

6    Date: September 20, 2016

7
                              /s/ Mayra Malone
8                              ----------------------------------------
                              Mayra Malone, CSR, RMR, CRR
9                              Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25