Case 4:12-cr-00305 Document 258 Filed on 07/25/17 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 26, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CRIMINAL ACTION NO. H-12-305-1 |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-1958 |
| ENRIQUE MORALES | § | |

**MEMORANDUM AND ORDER**

Enrique Morales pleaded guilty to conspiring to operate an illegal money-transmitting business, in violation of 18 U.S.C. § 371, and to conspiring to launder funds, in violation of 18 U.S.C. § 1956(h). *See* Judgment (Docket Entry No. 191). The court sentenced Morales to a 60-month prison term on the transmitting charge and to a consecutive 128-month term on the money-laundering charge. *Id.*.

Morales has moved to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255, (Docket Entry No. 244). The government moved to dismiss Morales's motion, (Docket Entry No. 250). Despite requesting and receiving an extension of time to respond, Morales did not respond to the government's motion.

Morales sued under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Morales contends that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), makes his sentence unconstitutional.

In *Johnson*, the Supreme Court held that a provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. That Act provides for enhanced penalties for a defendant convicted of being a felon in possession of a firearm if that defendant has

three or more prior convictions "for a violent felony or a serious drug offense, or both . . . ." The statute defined a "violent felony" as a crime that

> **(I)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). The Court held that the clause enhancing penalties for a defendant previously convicted of a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. The Court specifically stated that the decision did not affect "the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563.

Morales was not convicted under the Armed Career Criminal Act, and no similar residual clause affected his sentence. Because *Johnson* is not relevant to his case, Morales fails to identify any constitutional flaw in his sentence. The government's motion to dismiss, (Docket No. 250), is granted, and Enrique Morales's motion to vacate, set aside, or correct sentence, (Docket No. 244), is denied. Final judgment in the civil case, 4:16-cv-1958, is entered by separate order.

Morales has not requested a certificate of appealability, but the court may raise the issue on its own. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court[]s to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a certificate of appealability either from the district court or an appellate court, but an appellate court will not consider it until the district court has denied the

request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997).

A certificate of appealability may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). Morales has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

SIGNED on July 25, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge